**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

```
JAMES DAVIS,¹                   :
a/k/a David Edwards             :   Civil Action No. 08-4704 (JBS)
          Petitioner,           :
                                :
               v.               :   OPINION
                                :
MIKE POWER,                     :
                                :
          Respondent.           :
```

**APPEARANCES:**

Petitioner <u>pro se</u>
James Davis
Camden County Correctional Facility
P.O. Box 90431
Camden, NJ 08102

**SIMANDLE**, District Judge

    Petitioner James Davis, a prisoner currently confined at Camden County Correctional Facility, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254² and an application to proceed in forma pauperis pursuant to 28 U.S.C.

---

    ¹ Petitioner is also known as Saynoral Andrew Jackson.

    ² Section 2254 provides in relevant part:

(a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

§ 1915(a).  The respondent is Mike Power, Administrator of East Jersey State Prison.

Based on his affidavit of indigence, the Court will grant Petitioner's application to proceed in forma pauperis.  For the reasons set forth below, this Court will direct Petitioner to show cause why the Petition should not be dismissed.  See 28 U.S.C. § 2243.

## I.   BACKGROUND

Petitioner asserts that he entered into a plea agreement to resolve two criminal cases pending against him in Camden County, New Jersey, Indictment Nos. 1431-04-04 and 511-02-99.  He states that he was sentenced to a term of 10 years' imprisonment on April 16, 2000 (on the 1999 indictment), and to a term of three years' imprisonment on October 15, 2004 (on the 2004 indictment), to run concurrently with a pending New York sentence.

Petitioner alleges that the New Jersey Department of Corrections failed to run the sentences concurrently and miscalculated his maximum release date.  Petitioner appealed the decision of the Department of Corrections to the Superior Court of New Jersey, Appellate Division, which issued a decision on March 14, 2007.  See Davis v. Department of Corrections, 2007 WL

2

750365 (N.J. Super. App. Div.), certif. denied, 192 N.J. 296 (N.J. 2007).[3]

> Although we are convinced that the DOC correctly calculated Davis's sentence based on the plain language of the judgments of conviction, our decision is not meant to preclude Davis from seeking relief in the trial court, with notice to the prosecutor, based on his claim that it was his understanding when he entered his plea that the time served in New York would be applied not only to his 2004 sentence but also to his 1999 sentence. ...

---

[3] This is at least the third civil action Petitioner has filed in this Court regarding these events. See Davis v. Hayman, Civil Action No. 08-4608 (NLH) (a habeas petition under 28 U.S.C. § 2241, dismissed because Petitioner was not "in custody" under the challenged conviction at the time he filed the Petition); Jackson v. Hayman, Civil Action No. 07-4121 (SDW) (an action for damages pursuant to 42 U.S.C. § 1983, which remains pending).

In this Opinion, the Court will rely upon its records in both the present habeas petition and in Petitioner's related previous habeas action, Miechowicz v. U.S. Attorney General, Civ. No. 99-1939 (NHP). "It is well established that a court may take judicial notice of its own records." United States v. Author Services, Inc., 804 F.2d 1520, 1523 (9th Cir. 1987), overruled on other grounds, United States v. Jose, 131 F.3d 1325 (9th Cir. 1997). See also Mason v. Clark, 920 F.2d 493, 495 (8th Cir. 1990) (court may take judicial notice of facts elicited in related case, citing Author Services, supra); United States v. Estep, 760 F.2d 1060, 1063 (10th Cir. 1985) ("[j]udicial notice is particularly applicable to the court's own records of prior litigation closely related to the case before it," quoting St. Louis Baptist Temple v. F.D.I.C., 605 F.2d 1169, 1172 (10th Cir. 1979)).

In addition, this Court will take judicial notice of the records in Petitioner's state court litigation. See Fed.R.Evid. 201; Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426-27 (3d Cir. 1999) (federal court, on a motion to dismiss, may take judicial notice of another court's opinion, not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity).

2007 WL 750365 at 2-4.

Following the suggestion of the Appellate Division, Petitioner returned to the trial court for relief.  At a hearing on July 27, 2007, Judge McNeill conceded that the terms of Petitioner's plea agreement required that the 1999 sentence be run concurrently with the New York sentence and that Petitioner was entitled to receive credit against his 1999 New Jersey sentence for the time served in New York from August 30, 2004, through March 15, 2006.  The court allegedly ordered that Petitioner be released "immediately."  Petitioner alleges that he was finally released on August 8, 2007.

Petitioner has now filed this Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  As grounds for relief he asserts (1) that the State of New Jersey violated his Sixth and Fourteenth Amendment rights by refusing to adhere to the terms of the plea agreement that all sentences were to be served concurrently and (2) that the State of New Jersey miscalculated his release date.  Petitioner asks for the following relief: "That the Appellate Division decision be reversed and held in accordance with the Sentencing Court's July 27, 2007 confirmation."  The Petition is dated September 12, 2008.

Petitioner is presently confined at the Camden County Correctional Facility on another matter.

4

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2254, 2255.

## III. ANALYSIS

Pursuant to 28 U.S.C. § 2254(a), "a district court shall entertain an application for a writ of habeas corpus in behalf of

<u>a person in custody pursuant to the judgment of a State court</u> only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  (Emphasis added.)  A federal court has no jurisdiction to entertain a habeas petition unless the petitioner meets this "in custody" requirement.  Indeed, as the Court of Appeals for the Third Circuit has put it, "custody is the passport to federal habeas corpus jurisdiction."  <u>United States ex rel. Dessus v. Commonwealth of Pennsylvania</u>, 452 F.2d 557, 560 (3d Cir. 1971), <u>cert. denied</u>, 409 U.S. 853 (1972).

The Supreme Court's most recent extensive discussion of the "in custody" requirement is set forth in <u>Maleng v. Cook</u>, 490 U.S. 488 (1989).  In that case, the habeas petitioner (hereafter referred to as "petitioner" although he appeared in the posture of respondent before the Supreme Court) sought to attack a 1958 conviction for robbery imposed by a Washington state court.  In 1985, while confined in federal prison on an apparently unrelated federal conviction, the petitioner filed his habeas challenge to the 1958 Washington conviction, arguing that he had not been given a competency hearing in that case.  Although the petitioner's 1958 conviction had fully expired by 1978, he alleged that it had been used to enhance sentences imposed in 1978 for subsequent Washington convictions.  Due to his federal sentence, petitioner had not yet begun to serve his 1978

6

Washington sentences at the time he filed his habeas petition in 1985.  <u>Maleng v. Cook</u>, 490 U.S. at 489-90.

The Court noted that the relevant language of 28 U.S.C. § 2254(a) generally requires "that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed," <u>citing</u> <u>Carafas v. LaVallee</u>, 391 U.S. 234, 238 (1968).  Further, the Court explained that "custody" is defined not only as physical confinement, but would include circumstances entailing such limitations on a person's liberty as those imposed during parole.  <u>Maleng</u>, 490 U.S. at 491; <u>see also</u> <u>Hensley v. Municipal Court</u>, 411 U.S. 345 (1973) (habeas petitioner released on own recognizance, but who suffered restraints on freedom of movement not shared by public generally, met "in custody" requirement).  Nonetheless, the Court noted that it has "never held . . . that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has fully expired at the time his petition is filed." <u>Maleng</u>, 490 U.S. at 491.

Here, Petitioner was released from custody on August 8, 2007, thirteen months before he signed this Petition on September 12, 2008.  He has alleged no facts that would permit this Court to find that he remains "in custody."  In this regard, the Court notes that Petitioner has not sought relief in the form of

"release."[4]  Accordingly, this Court will order Petitioner to show cause why the Petition should not be dismissed with prejudice.

As it does not appear that Petitioner is in custody for purposes of 28 U.S.C. § 2254, there is no reason to issue the notice required by Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000).

## V.   CONCLUSION

For the reasons set forth above, Petitioner will be ordered to show cause why the Petition should not be dismissed.  An appropriate order follows.

                                    s/ Jerome B. Simandle
                                    Jerome B. Simandle
                                    United States District Judge

Dated:  **March 19, 2009**

---

[4] In addition, this Court lacks jurisdiction to "reverse" the decision of the Appellate Division.